IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NATHANIEL WALKER,

    Petitioner,
v.                                      CASE NO. 4:17-cv-313-MW-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his Leon County convictions of first degree murder (Count 1), attempted first degree murder (Count 2), and possession of a firearm by a convicted felon (Count 3), for which Petitioner is serving sentences of life imprisonment as a prison releasee reoffender ("PRR") (Counts 1 and 2) and 15 years (Count 3). ECF No. 1. This is Petitioner's first federal habeas corpus petition challenging these convictions. This case is now before the Court on ECF No. 20, Respondent's motion to dismiss the Petition as time-barred. For the following reasons, the undersigned recommends that the motion to dismiss be denied and the case remanded to the undersigned for further proceedings.

## One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for postconviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Discussion

The procedural history of Petitioner's case is summarized in the Respondent's motion, as supported by attached state-court records. A jury convicted Petitioner of Counts 1 and 2 on February 12, 2014. Prior to sentencing, Petitioner agreed to plead guilty to Count 3, which had been severed for trial, and to acknowledge his guilt on Counts 1 and 2, with the understanding that the State would not seek the death penalty and he would be sentenced to life in prison as a PRR. Petitioner agreed to waive his right to appeal. ECF No. 20-1 at 189-90. Petitioner was sentenced on February 13, 2014. *Id.* at 104.

On April 18, 2014, Petitioner filed a petition for a belated appeal in the First District Court of Appeal. *Id.* at 25-30. On November 25, 2014, the First DCA denied the petition. *Walker v. State*, 156 So.3d 1085 (Fla. 1st DCA 2014).

On June 16, 2015, Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. He filed an amended motion on December 16, 2015. *Id.* at 47-68; 73-97. The state court summarily denied the motion on October 7, 2016. *Id.* at 129-31. However, the court determined that Petitioner's original sentencing document erroneously reflected that Petitioner was sentenced as a PRR on Count 3, contrary to the court's oral pronouncement of sentence which provided that Petitioner was sentenced as a PRR only on Counts 1 and 2. The court ordered the clerk to prepare a corrected sentencing document. *Id.* at 131. On October 11, 2016, the court entered a corrected judgment and sentence. *Id.* at 158-67.

The First DCA affirmed the denial of Petitioner's postconviction motion *per curiam* without written opinion on May 23, 2017. *Walker v. State,* 226 So.3d 823 (Fla. 1st DCA 2017). Petitioner filed his federal habeas corpus petition on July 12, 2017. ECF No. 1.

Respondent argues that Petitioner's conviction became final for purposes of the federal limitations period on March 17, 2014, thirty days after the rendition of his judgment on February 13, 2014, when the time for filing a direct appeal elapsed. *See Gonzalez v. Thaler,* ___ U.S. ___, 132 S. Ct. 641 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires[.]"); Fla. R. App. P. 9.140(b)(3) (providing for 30 days following judgment to file notice of appeal). Respondent contends that absent tolling of the limitations period, Petitioner had until March 17, 2015, to file a timely federal habeas petition. ECF No. 20 at 5. Petitioner's unsuccessful petition for a belated appeal did not toll the federal limitations period. *See Espinosa v. Sec'y, Dept. of Corr.,* 804 F.3d 1137, 1141 (11th Cir. 2015). Respondent argues that Petitioner's subsequent postconviction motion, filed on June 16, 2015, did not toll the federal limitations period because at that point the limitations period had already expired. ECF No. 20 at 7.

Respondent's motion does not address the effect of the amended judgment and sentence that was entered by the state court on October 11, 2016. "A judgment setting out a corrected sentence is a new judgment." *Mundy v. Secretary*, Case No. 5:11-cv-71-RH-GRJ, ECF No. 19 (April 18,

2012) (concluding that federal habeas petition was not due to be dismissed as second or successive because Petitioner's sentence had been amended for award of jail credit after first federal petition was dismissed as untimely, and subsequent petition was the first petition challenging the amended judgment) (citing *Magwood v. Patterson*, 130 S. Ct. 2788 (2010); *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292-93 (11th Cir. 2007); *Campbell v. Sec'y, Dep't of Corr.*, 447 F. App'x 25 (11th Cir. 2011) (unpublished)).[2]

In *Ferreira*, the Eleventh Circuit concluded that "AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence." *Ferreira*, 494 F.3d at 1293 (citing *Burton v. Stewart*, 549 U.S. 147 (2007)). "The judgment to which [section 2254(a)] refers is the *underlying conviction and most recent sentence* that authorizes the petitioner's current detention." *Id.* at 1292. (emphasis added). Thus, where a resentencing results in a new judgment, the new judgment restarts the statute of limitations, and it is error for a district court to fail to calculate the limitations period from the date of the resentencing judgment as mandated by

---

[2] Although unpublished opinions are not binding on this Court, they are persuasive authority. 11th Cir. R. 36-2.

*Ferreira. Stites v. Sec'y, Fla. Dept. of Corr.* 278 Fed. App'x. 933, 934-935, 2008 WL 2122541, *1 (11th Cir. 2008). The Eleventh Circuit has reaffirmed the holding in *Ferreira,* concluding that even when a resentencing does not alter a habeas petitioner's original convictions, the amended judgment, for the purposes of § 2244(d)(1)(A), comprises *both* the convictions and sentences. *Thompson v. Sec'y, Fla. Dept. of Corr.*, 606 Fed. Appx. 495, 505 (11th Cir. 2015).

In this case, Petitioner's "most recent sentence" was imposed on October 11, 2016. ECF No. 20-1 at 158-67. Under these circumstances, the undersigned concludes that for purposes of the federal limitations period the judgment under attack in the instant Petition is Petitioner's underlying conviction and October 11, 2016, amended sentence, which became final on or about November 10, 2016, when the thirty-day period for filing an appeal expired. Thus, Petitioner had until on or about November 10, 2017, to file his federal habeas petition, and the instant petition, filed on July 12, 2017, is timely.

Accordingly, it is respectfully **RECOMMENDED:**

That the motion to dismiss the Petition as time-barred, ECF No. 20, should be **DENIED** and this case should be remanded to the undersigned for entry of

an order directing a response to the Petition and for further proceedings.[1]

**IN CHAMBERS** this 5th day of October 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

---

[1] Petitioner's address of record is at Walton Correctional Facility.  According to the Department of Corrections online inmate locator, Petitioner is currently confined at Wakulla CI.  The **Clerk** is directed to send a copy of this Report and Recommendation to Petitioner at his address of record and at Wakulla CI.  Petitioner is reminded that it is his obligation to provide the Court with his current address.