IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NATHANIEL WALKER,

      Petitioner,

v.                                                    CASE NO. 4:17-cv-313-MW-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254 challenging his Leon County

convictions of first degree murder (charged in Count 1), attempted first

degree murder (Count 2), and possession of a firearm by a convicted felon

(Count 3), for which Petitioner is serving sentences of life imprisonment as

a prison releasee reoffender ("PRR") (Counts 1 and 2) and 15 years (Count

3).  ECF No. 1.  The Respondent has filed a Response together with

relevant portions of the state-court record, and Petitioner has filed a Reply,

and therefore this case is ripe for determination.  ECF Nos. 20, 27, 30.

Upon due consideration, it is respectfully recommended that the Petition be

denied.[1]

_____

[1] The Court previously denied Respondent's motion to dismiss the Petition as time-

# I. <u>State Court Procedural History</u>

The procedural history of Petitioner's case may be summarized as follows.  Petitioner's charges carried a potential death sentence.  A jury convicted Petitioner of Counts 1 and 2 on February 12, 2014.  Prior to the commencement of the penalty phase, Petitioner agreed to plead guilty to Count 3, which had been severed for trial, and to acknowledge his guilt on Counts 1 and 2 and waive his right to appeal the convictions.  In exchange for his plea and appeal waiver, the State agreed that Petitioner could receive mandatory life sentences on Counts 1 and 2 as a PRR.  ECF No. 20-1 at 189-90.  Petitioner was sentenced on February 13, 2014, pursuant to the plea agreement.  *Id.* at 104.  Petitioner did not appeal.

On April 18, 2014, Petitioner filed a petition for a belated appeal in the First District Court of Appeal.  *Id.* at 25-30.  On November 25, 2014, the First DCA denied the petition.  *Walker v. State*, 156 So.3d 1085 (Fla. 1st DCA 2014).

On June 16, 2015, Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850.  He filed an amended motion on December 16, 2015, asserting four claims of ineffective assistance of counsel.  *Id.* at 47-68; 73-97.  Applying *Strickland v Washington*, 488 U.S.

---

barred.  ECF No. 23.

669 (1984), the post-conviction court summarily denied the motion. ECF No. 20-1 at 129-31.

Petitioner's first two claims concerned counsel's alleged errors regarding whether Petitioner would have had defenses to the murder and attempted murder charges under Florida's "stand your ground" laws. Petitioner argued that a pre-trial motion to dismiss the charges based on stand-your-ground immunity or justifiable use of force would have had a reasonable probability of success. ECF No. 20-1 at 79-85. The post-conviction court found that Petitioner's penalty-phase plea waived his right to contest the jury's guilty verdict on those charges, and that Petitioner had already secured the benefit of his plea by avoiding the death penalty. ECF No. 20-1 at 130. Petitioner's third claim alleged that counsel mistakenly advised him that he qualified for sentencing as a PRR under Count 3, the felon-in-possession charge. The post-conviction court explained that when Petitioner's sentence was orally pronounced, he was not sentenced as a PRR on Count 3, but the written judgment indicated otherwise. The court ordered that the judgment be corrected. *Id.* at 131. Petitioner's fourth claim alleged that counsel told him that he would be released from prison within 10-12 years, thus rendering his plea involuntary. The court found that this claim was factually refuted by the record because it was clear

throughout the plea and sentencing proceeding that Petitioner knew a mandatory life sentence would be imposed. *Id.*

The First DCA affirmed the denial of Petitioner's postconviction motion *per curiam* without written opinion on May 23, 2017. *Walker v. State,* 226 So.3d 823 (Fla. 1st DCA 2017). Petitioner then filed the instant federal habeas corpus petition asserting the same four claims of ineffective assistance of counsel that he raised in the state court. ECF No. 1.

## II. <u>Standard of Review</u>

For claims that are properly exhausted, the Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes limitations on the scope of this Court's review. Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have

reached a different conclusion in the first instance.'"  *Burt v. Titlow,* 571
U.S. 12*,* 134 S.Ct. 10, 15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290,
301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief
only if the state court's adjudication of the merits of the federal claim
"resulted in a decision that was contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by the
Supreme Court of the United States." § 2254(d)(1); *see Burt*, 134 S.Ct. at
15 (standard for reviewing claims of legal error by state courts is "highly
deferential").   This standard "recognizes a foundational principle of our
federal system: State courts are adequate forums for the vindication of
federal rights."  *Id*.  This highly deferential standard carries special force in
habeas cases asserting ineffective assistance claims: "Especially where a
case involves such a common claim as ineffective assistance of counsel
under *Strickland*—a claim state courts have now adjudicated in countless
criminal cases for nearly 30 years—'there is no intrinsic reason why the fact
that a man is a federal judge should make him more competent, or
conscientious, or learned . . . than his neighbor in the state courthouse.'"
*Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35 (1976)).

In view of the deference afforded to the state courts' adjudication of

constitutional claims, "AEDPA erects a formidable barrier to federal habeas

relief for prisoners whose claims have been adjudicated in state court.

AEDPA requires 'a state prisoner [to] show that the state court's ruling on

the claim being presented in federal court was so lacking in justification that

there was an error . . . beyond any possibility for fairminded disagreement.'"

*Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786–787

(2011).  "'If this standard is difficult to meet'—and it is—'that is because it

was meant to be.'" *Id.* (quoting *Harrington*, 131 S.Ct. at 786).  "We will not

lightly conclude that a State's criminal justice system has experienced the

'extreme malfunction' for which federal habeas relief is the remedy."  *Id.*

(quoting *Harrington*, 131 S.Ct. at 786).

### III. <u>Discussion</u>

*A. Claims 1 & 2: Counsel's Advice Regarding Defenses*

Petitioner reasserts his state-court claims that his trial counsel was

ineffective for failing to file a pre-trial motion to dismiss the charges against

him in Counts 1 and 2 based on either immunity or justifiable use of deadly

force defenses under Florida's "stand your ground" laws.  As explained

above, the post-conviction court found that Petitioner's penalty-phase plea

waived such claims.  *See* ECF No. 20-1 at 129-31.

The Supreme Court has limited the circumstances under which a

guilty plea or its equivalent may be attacked on collateral review. *See, e.g.,*
*Bousley v. United States*, 523 U.S. 614, 621 (1998). A voluntary and
intelligent plea by a person advised by competent counsel may not be
collaterally attacked, and "even the voluntariness and intelligence of a guilty
plea can be attacked on collateral review only if first challenged on direct
review." *Id.* A plea is voluntary in a constitutional sense "unless induced by
threats . . . misrepresentations . . . or perhaps by promises that are by their
nature having no proper relationship to the prosecutor's business." *Id.* at
619 (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)). A plea is
considered intelligently made if the accused is reasonably informed of the
true nature of the charge. *Henderson v. Morgan*, 426 U.S. 637, 645 (1976).
"A defendant is not entitled to withdraw his plea merely because he
discovers long after the plea has been accepted that his calculus
misapprehended the quality of the State's case or the likely penalties
attached to alternative courses of action." *Brady*, 397 U.S. at 757 (1970).

The *Strickland* test is applicable in habeas challenges to the
voluntariness of a plea when ineffective assistance of counsel is alleged.
*Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Premo v. Moore*, 562 U.S. 115,
125 (2011). Judicial scrutiny in this context is highly deferential. *See e.g.,*
*United States v. Freixas*, 332 F.3d 1314, 1319 (11th Cir. 2003). The

decision to plead involves the making of difficult judgments, and the requirement that a plea must be intelligently made "is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing." *McMann v. Richardson*, 397 U.S. 759, 769–70 (1970). "If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases," in order to merit collateral relief. *McMann,* 397 U.S. at 771. A defendant who enters a plea may not raise claims relating to deprivation of constitutional rights occurring before the plea but may only attack the voluntariness of the plea by showing counsel's advice fell below the *McMann* standard. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

> The U.S. Supreme Court has further explained:
>
> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

*United States v. Broce*, 488 U.S. 563, 569 (1989); *see also Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("It is well settled that a voluntary and

intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."), *disapproved of in part on other grounds, Puckett v. United States*, 556 U.S. 129, 138 n.1 (2009).

To satisfy the prejudice prong of *Strickland* in the context of a habeas challenge to a conviction based on a plea, the petitioner must establish that the deficient performance affected the outcome of the plea process and that, but for counsel's errors, the petitioner would not have entered the plea and would have insisted on going to trial. *Hill*, 474 U.S. at 58–59. "It is not enough for [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.

"[T]he representations of the defendant, his lawyer, and the prosecutor at [the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). When, at a plea colloquy, the presiding judge correctly advises a defendant about the consequences of pleading guilty, the judge's advice cures any contrary advice by counsel. *See, e.g., United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007) (holding that an erroneous prediction by counsel is

not ineffective assistance where an adequate plea hearing was conducted
and written plea agreement accurately stated the potential sentence);
*United States v. Wilson*, 245 Fed.Appx. 10, 12 (11th Cir. 2007); *Gordon v.
United States*, Nos. 3:12cr1265–J–34JRK, 3:10cr130–J–34JRK, 2015 WL
413102, at *10 (M. D. Fla. Jan. 30, 2015).

Petitioner's written plea agreement acknowledged, under oath, that
Petitioner was pleading guilty to the charged offenses, that he stipulated to
his status as a PRR, that he waived all appellate rights and agreed to
mandatory life sentences on Counts 1 and 2 and a 15-year sentence on
Count 3, and that the State waived the death penalty in consideration of the
plea.  ECF No. 20-1 at 189-90.  Petitioner acknowledged that he was
aware of the maximum and minimum penalties, that his lawyer had
discussed any possible defenses that could be raised, that he was satisfied
with his lawyer's advice, and that he was entering the plea because it was
in his best interest to do so.  *Id.*

During the plea colloquy, Petitioner admitted under oath that he
intended to plead guilty to Count 3 and that he admitted his guilt as to
Counts 1 and 2, for which the jury had already rendered a guilty verdict.
Petitioner affirmed that he was waiving his appellate rights and that he
would receive mandatory life sentences on Counts 1 and 2 and a 15-year

sentence on Count 3. The court explained to Petitioner the trial rights that he was waiving by pleading to Count 3. Petitioner stipulated that he was a PRR. Petitioner affirmed that he had discussed the waiver of his appellate rights with counsel in exchange for the State waiving the death penalty. After receiving statements from the victim's family members, the Court orally pronounced sentence without objection. ECF No. 20-1 at 104-26.

Initially, it must be noted that Petitioner's plea proceedings did not in any way involve the validity or availability of defenses to the first-degree murder and attempted murder charges in Counts 1 and 2. Petitioner had already exercised his right to go to trial on those charges and the possibility of a plea to avoid a trial had passed. It is clear from the record that Petitioner agreed to forego a trial on the felon-in-possession charge in Count 3 (and agreed not to contest the guilty verdicts on Counts 1 and 2) in exchange for the State's agreement not to pursue the death penalty. Thus, counsel's pre-trial advice regarding the availability of a "stand your ground" defense to the murder charges is not relevant to Petitioner's post-trial plea which concerned only avoidance of the penalty phase for those charges and an agreement not to further contest his guilt. As the Supreme Court has explained, "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant

has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett,* 411 U.S. at 1608.

Petitioner "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann," id.;* that is, he must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal cases." *McMann,* 397 U.S. at 771.  On this record, Petitioner has not demonstrated that counsel's penalty-phase advice to enter a plea to the remaining charge in order to avoid a possible death sentence was outside the range of competence demanded of attorneys in criminal cases.  Petitioner is therefore not entitled to federal habeas relief on these claims.

### B.  Claim 3: PRR Sentence on Felon-In-Possession Charge

Petitioner contends that counsel misadvised him that he qualified for PRR sentencing on the felon-in-possession charge (Count 3) and that such advice rendered his plea involuntary.  ECF No. 1 at 5.

Petitioner's claim is unsupported in the record.  Petitioner's written plea agreement, executed under oath, acknowledges that he faced a

maximum sentence of 15 years for Count 3.  ECF No. 20-1 at 189-90.

Petitioner affirmed during the plea colloquy that he was entering a plea in

exchange for a 15-year sentence on that charge.  ECF No. 20-1 at 110.

Although Petitioner's written judgment erroneously reflected that he was

sentenced as a PRR for that charge, the judgment was corrected on post-

conviction review.  ECF No. 20-1 at 158-67.

Moreover, Petitioner concedes that he "took the plea based on PRR

not being applied to his Count III."  ECF No. 30 at 10.  Thus, even if

counsel erroneously informed Petitioner that he could be sentenced as a

PRR on Count 3, the record establishes that he is *not* serving a PRR

sentence for that charge and is serving the 15-year non-PRR sentence for

which he concedes he bargained. Petitioner has failed to establish that but

for counsel's alleged error, he would have rejected the plea agreement and

would have insisted on proceeding with the death penalty phase of his trial

on Counts 1 and 2 as well as the trial on Count 3.  Petitioner has therefore

failed to satisfy the prejudice prong of *Strickland* on this claim.  *See Hill*,

474 U.S. at 58–59.

## C.  Claim 4: Counsel's Advice Regarding Early Release

Petitioner claims that his attorney advised him that he would be

released from prison within 10-12 years, rendering his plea involuntary.

ECF No. 1 at 5.  The post-conviction court found that this "claim is refuted by the record, because it is clear that during the entire plea and sentencing proceeding, [Petitioner] was aware that a mandatory life sentence would be imposed."  ECF No. 20-1 at 131.

Petitioner concedes that he "is unaware, nor has he located any authority since, which would allow him to be released anywhere in the range of 8-12 years[.]" ECF No. 30 at 30.  Based upon the Court's review of the record, it is dubious that counsel would have rendered such advice.  In any event, the sentencing court explained Petitioner's prospective sentence to him during the plea colloquy and Petitioner assented.  As previously noted, when the presiding judge correctly advises a defendant about the consequences of pleading guilty, the judge's advice cures any contrary advice by counsel. *See, e.g., Shedrick*, 493 F.3d at 299 (erroneous prediction by counsel is not ineffective assistance where an adequate plea hearing was conducted, and written plea agreement accurately stated the potential sentence).  The record clearly shows that Petitioner was fully informed of his accurate sentencing exposure prior to entering his plea. This claim presents no basis for federal habeas relief.

## IV.  <u>Certificate of Appealability</u>

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## V.  Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, should be **DENIED** and a COA should be **DENIED.**

**IN CHAMBERS** this 20th day of December 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.